Page **1** of **5**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                  Case Nos.:   4:01cr77/MCR/GRJ
                                                  4:16cv415/MCR/GRJ

MICHAEL ANTHONY HUSBANDS

## **ORDER**

This case is before the court upon Defendant Michael Anthony Husbands' Time Sensitive Motion to Correct Sentence Under 28 U.S.C. § 2255 in which he contends that he is entitled to sentencing relief based on <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015). (ECF No. 99). The Government has now responded indicating that it concedes that Mr. Husbands is entitled to relief. (ECF No. 91).

A jury convicted Mr. Husbands of the offenses of possession of a firearm by a convicted felon (Count 1) and possession of a stolen firearm (Count 2). (ECF No. 18). The Court found Mr. Husbands to be an armed career criminal after adopting the findings of the Presentence Investigation Report that he had two prior Florida burglary convictions and two prior Georgia burglary convictions. (ECF No. 103, PSR ¶ 22). Pursuant to the Armed Career Criminal Act, ("ACCA"), a

person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. In June of 2002, the Court sentenced Mr. Husbands to a term of 300 months imprisonment on Count 1 and 120 months on Count 2, to run concurrently, followed by concurrent three year terms of supervised release on each count. (ECF No. 28). Absent the application of the ACCA enhancement, Mr. Husbands would have faced a maximum sentence of ten years imprisonment on Count 1, which he has already served. *See* 18 U.S.C. § 924(a)(2).

Mr. Husbands' judgment and conviction was affirmed on appeal. (ECF No. 43). He previously filed a motion pursuant to 28 U.S.C. § 2255 which was

denied by this Court. (ECF Nos. 62, 76). On June 3, 2016, Mr. Husbands received authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion based on Johnson. (ECF No. 98). Mr. Husbands acknowledges that his motion was filed outside the one year statute of limitations to raise a Johnson claim. However, he notes that the attorney he hired to represent him, Cliff Davis, was unable to file the motion in Mr. Husbands' behalf due to serious health problems which recently resulted in counsel's death. Mr. Husbands represents in his motion that the Government agreed to waive any challenge based upon the untimely filing of the motion. (ECF No. 99 at 2).

In Johnson v. United States, 135 S.Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. Johnson, 135 S.Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. The Government concedes that in light of Mathis v. United States, ___ S.Ct. ___, Case No. 15-6092, 2016 WL 3434400 (2016), convictions under the non-divisible Florida burglary statute are no longer proper ACCA predicates. (ECF No. 102 at 1). Therefore, regardless of whether Mr. Husbands' two prior Georgia burglary convictions are considered, he no longer has the three requisite predicate

Page **4** of **5**

convictions to support the application of the ACCA enhancement, and he is entitled to be resentenced.  The Government notes that it would not be improper for the court to impose consecutive sentences on the two counts in light of the fact that Mr. Husbands' guidelines ranger is greater than the statutory maximum penalty.  (ECF No. 102 at 2, citing U.S.S.G. § 5G1.2(d)).  Mr. Husbands had a rather extensive criminal history, but only two minor disciplinary infractions, for gambling, since his incarceration.  As such, the Government takes the position that re-sentencing to a "time served sentence" is appropriate.  The Court concurs.

Accordingly it is **ORDERED**:

1. Defendant Husbands' Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 99) is **GRANTED.**

2. Effective immediately, Mr. Husbands' term of incarceration is reduced from **300 months** to **time served**, and his sentence of supervised release shall remain at **3 years**.  Due to the consented nature of the motion and the time sensitive nature of the relief, the clerk, with the assistance of the probation office, is directed to immediately enter an amended Judgment and an amended Statement of Reasons reflecting this change.  All other

provisions of the Court's Judgment and Sentence imposed on June 24, 2002 (ECF No. 28) shall remain in full force and effect.

**DONE AND ORDERED** this 12th day of July 2016.

_s/ M. Casey Rodgers_
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

Case Nos.: 4:01cr77/MCR/GRJ; 4:16cv415/MCR/GRJ